1  PHILLIP A. TALBERT
   United States Attorney
2  ANGELA L. SCOTT
   BRIAN K. DELANEY
3  Assistant United States Attorneys
   2500 Tulare Street, Suite 4401
4  Fresno, CA 93721
   Telephone: (559) 497-4000
5  Facsimile: (559) 497-4099

6

7  Attorneys for Plaintiff
   United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:17-CR-00088-LJO-SKO |
|---|---|
| Plaintiff, | STIPULATION REGARDING DISCLOSURE OF SENSITIVE MATERIAL AND PERSONAL IDENTIFICATION INFORMATION |
| v. | |
| DERRICK PENNEY, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Eastern District of California, and defendant DERRICK PENNEY ("defendant"), by and through his counsel of record, Anthony Capozzi, hereby file this Stipulation Regarding Disclosure of Sensitive Materials and Personal Identification Information.

1.  The government possesses, or may come to possess, recordings, documents, reports, or other materials the disclosure of which may ordinarily be required by the government's Rule 16, Jencks Act, or Brady obligations, but the dissemination of which could pose a serious risk to certain defendants, witnesses, or the confidentiality of an ongoing investigation (the "Sensitive Materials").

2.  The government will mark all Sensitive Materials with the following stamp or inscription: "PROTECTIVE ORDER"

3.  If the government distributes any document, compact disk, or other material bearing the above label, defense counsel and defendant agree to the following as to such material:

  a. Defense counsel shall not distribute Sensitive Materials to anyone other than his own legal staff (including paralegal assistants, legal secretaries, defense investigators, and lawyer-associates) and defendant;

  b. Defense counsel shall not allow anyone other than himself, his legal staff and defendant to possess, or maintain possession of, any Sensitive Materials;

  c. Defendant shall not distribute the Sensitive Materials to anyone.

  d. Defense counsel and defendant may not disclose the contents of any Sensitive Materials publicly, including in any court filing, without first conferring with government counsel and, in any event, shall file any Sensitive Materials under seal.

4. The parties agree to confer before filing any motions regarding the government's disclosure (or lack of disclosure) of Sensitive Materials.

5. The evidence in this matter also includes personal identification information for others, including but not limited to names, addresses, dates of birth, and social security numbers (collectively "personal information").

6. This personal information is found throughout the discovery in this case, which includes, among other records, law enforcement reports.

7. The parties stipulate, and request the Court to order, that only defense counsel, defense counsel's agents, and the defendant may review the unredacted personal information contained in the discovery, and that defense counsel, defense counsel's agents and the defendant may only use the unredacted personal information or any portion thereof for the specific purpose of preparing or presenting a defense in this matter and for no other purpose.

8. The parties further stipulate, and request the Court to order, that only defense counsel and defense counsel's agents may make copies of any discovery containing unredacted personal information; and that the defendant may make copies for his own use only of any discovery containing unredacted personal information that has been provided to him by his defense counsel or his defense counsel's agents, and may not release any such copies to any third party.

9. The parties further stipulate and request the Court to make its Order applicable to unredacted personal information contained in all of the discovery produced in this case, including any

discovery produced after entry of its Order.

10. At the conclusion of this matter, defense counsel will collect and destroy any and all copies of documents and portions thereof containing the personal information that defense counsel possesses and/or has distributed to his agents and/or the defendant, except a copy set as necessary to maintain in defense counsel's case file.

11. Accordingly, the parties respectfully request that the Court adopt, and agree to be bound by, the corresponding protective order.

12. By signing this stipulation, the parties agree to be bound by the above terms, and those of the accompanying proposed order, before and after the Court executes and enters that order.

13. By signing this stipulation, counsel for defendant represents that he has discussed the contents of this stipulation and proposed order with defendant, and that defendant has no objection to this stipulation and the relief requested in the proposed order.

.

Dated: December 12, 2016      PHILLIP A. TALBERT  
United States Attorney

By: /s/ ANGELA L. SCOTT  
ANGELA L. SCOTT  
BRIAN K. DELANEY  
Assistant United States Attorney

Dated: _____ _____  
ANTHONY CAPOZZI  
Attorney for Defendant  
DERRICK PENNEY

PHILLIP A. TALBERT
United States Attorney
ANGELA L. SCOTT
BRIAN K. DELANEY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:17-CR-00088-LJO-SKO |
|---|---|
| Plaintiff, | [PROPOSED] ORDER REGARDING GOVERNMENT'S DISCLOSURE OF SENSITIVE MATERIALS AND PERSONAL IDENTIFICATION INFORMATION |
| v. | |
| DERRICK PENNEY, | |
| Defendant. | |

The Court has received and considered the jointly-filed Stipulation Regarding Disclosure of Sensitive Materials and Personal Identifying Information between Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Eastern District of California, and defendant DERRICK PENNEY, by and through his counsel of record, Anthony Capozzi.

Good cause showing, IT IS HEREBY ORDERED THAT:

1. The government will identify the discovery materials in this case the disclosure of which could jeopardize the safety of witnesses or other persons or affect the confidentiality of ongoing investigations (the "Sensitive Materials").

2. The government will mark all Sensitive Materials with the following stamp or inscription: "PROTECTIVE ORDER"

3. If the government distributes any document, compact disk, or other material bearing the

above label, defense counsel and defendant agree to the following as to such material:

      a. Defense counsel shall not distribute Sensitive Materials to anyone other than his own legal staff (including paralegal assistants, legal secretaries, defense investigators, and lawyer-associates) and defendant;

      b. Defense counsel shall not allow anyone other than himself, his legal staff and defendant to possess, or maintain possession of, any Sensitive Materials;

      c. Defendant shall not distribute the sensitive materials to anyone;

      d. Defense counsel and defendant may not disclose the contents of any Sensitive Materials publicly, including in any court filing, without first meeting and conferring with government counsel, and, in any event, shall file any Sensitive Materials under seal.

4. The parties must confer before filing any motions regarding the government's disclosure (or lack of disclosure) of Sensitive Materials.

5. The evidence in this matter also includes personal identification information for others, including but not limited to names, addresses, dates of birth, and social security numbers (collectively "personal information").

6. This personal information is found throughout the discovery in this case, which includes, among other records, law enforcement reports.

7. Only defense counsel, defense counsel's agents, and the defendant may review the unredacted personal information contained in the discovery. Defense counsel, defense counsel's agents and defendant may only use the unredacted personal information or any portion thereof for the specific purpose of preparing or presenting a defense in this matter and for no other purpose.

8. Only defense counsel and defense counsel's agents may make copies of any discovery containing unredacted personal information; the defendant may make copies for his own use only of any discovery containing unredacted personal information that has been provided to him by his defense counsel or his defense counsel's agents, and may not release any such copies to any third party.

9. At the conclusion of this matter, defense counsel will collect and destroy any and all copies of documents and portions thereof containing the personal information that defense counsel possesses and/or has made and distributed to his agents and/or defendant, except a copy set as necessary

to maintain in defense counsel's case file.

10. This Order shall apply to unredacted personal information contained in all discovery produced in this case, including any discovery produced after entry of this Order.

IT IS SO ORDERED.

Dated: **May 5, 2017**  **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE